IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARSHALL FLOWERS,  )
                   )
          Plaintiff,  )
                   )
     v.            )   No.  05 C 5985
                   )
B-WAY CORPORATION, )
                   )
          Defendant.  )

## MEMORANDUM ORDER

After this Court had appointed counsel to represent plaintiff Marshall Flowers ("Flowers") pro bono publico, the newly-appointed counsel filed a First Amended Complaint ("FAC") on Flowers' behalf.[1] On the same date that the FAC was filed, Flowers' ex-employer B-Way Corporation ("B-Way") had filed a motion to dismiss the original Complaint on the ground that it had exceeded the scope of Flowers' underlying charge of discrimination filed with the EEOC--and because the original Complaint had contemporaneously been superseded by the FAC, this Court denied that motion as moot.

Because B-Way's counsel perceived the FAC as posing the same problem of excessive scope, the same challenge has been advanced as to the FAC as well. On its face that contention is well-taken, for a simple comparison of the EEOC charge with the FAC

---

[1] Initially Flowers had filed a self-prepared Complaint of Employment Discrimination on the form furnished by this District Court's Clerk's Office, with the handwritten inserts being completed by Flowers himself.

reveals the complained-of disparity. Nonetheless, because of this Court's awareness that the scope of the typed-up charges in EEOC cases may be the product of decisions by EEOC personnel that do not always mesh with the grievances of the complaining employee, this Court asked B-Way's counsel to provide it with a copy of the documents reflecting the EEOC's handling of Flowers' claim.

That has now been done, and it confirms that the EEOC charge accurately portrays Flowers' decision as to the asserted discrimination he chose to challenge. To be sure, in his initial visit to the EEOC Flowers had addressed his termination by B-Way, but because in response to the inquiry of the EEOC interviewer he was unable to identify any comparable fellow employee who had not suffered adverse treatment, Flowers decided not to file a charge at that time. At that point the interviewer informed Flowers of the 300-day limitation imposed by the statute, and Flowers departed.

Flowers later returned to the EEOC a second time, and the charge that he then filed and signed claimed that he had been the victim of discrimination solely in these terms:

> I began my employment with Respondent in April 1988. My most recent position was Stacker Operator. As a Stacker Operator I earned lower wages than my non-black counterparts who had less seniority than me.
>
> I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Under those circumstances, then, all allegations in the FAC other than those of the nature described in the just-quoted language of Flowers' charge are stricken. This action will go forward only in terms of that more limited scope.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 23, 2006